ASA W. PARKER, Respondent, *v.* THERESA B. COLLINS *et al.*, Appellants.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Mortgage.   Foreclosure.*—Where the referee finds that a part of the money secured by a mortgage was delivered by the mortgagee to a creditor of the mortgagor under an alleged arrangement between the parties, the mortgagee is entitled to a judgment of foreclosure for the present debt, though such arrangement is denied by the mortgagor.

Appeal from a judgment of foreclosure entered upon the report of a referee.

*Asa W. Parker,* attorney in person (*C. D. Rust* and *E. G. Nelson* of counsel); *T. J.* and *R. F. Tilney,* for defendants Tilney and Collins (*Horace Graves,* of counsel).

*George V. Brower,* for defendant Edgerton.

BARNARD, P. J.—There is very little dispute as to the facts in this case. Theresa B. Collins owned premises on which she was building ten houses in Brooklyn. Her husband, Jeremiah Collins, was her agent.

Hobby & Doody were dealers for materials in building, and had sold materials for these houses.

On the 13th of April, 1888, the unpaid bills for these materials due Hobby & Doody were $3,920.76. The buildings were unfinished, and it was expected that more lum-

ber would be needed. The plaintiff was expected to advance money to complete the houses. Under this consideration of affairs the plaintiff, Doody, for Doody & Hobby, and Jeremiah J. Collins for Mrs. Collins, met. The mortgage was to be given for $22,000. It was so given. The amount of the mortgage was agreed to by all parties. The only difference is this. The plaintiff claims that the parties agreed that the mortgage was to be given to secure $5,000, which Doody & Collins agreed should represent the real debt then existing from Mrs. Collins to Doody & Hobby. The defendant, Mrs. Collins, says that the $22,000 was all to be advanced by Parker to her, and that the arrangement as to the Doody & Hobby debt is without foundation of fact.

Upon this question the plaintiff seems to have preponderating evidence. He testifies to the agreement, and that under it he paid the full sum of $5,000 to Doody. Doody testifies that he was present when the agreement was made, and that under it he got of plaintiff the $5,000. Jeremiah J. Collins denies the arrangement altogether. There is a serious mistake somewhere, and the referee has found that the arrangement was made, and thus a mortgage is established for a present debt and for future advances which were never made. The sale is only for the present debt, and there is no proof given in respect to a future advancement.

These were probably never needed, as the property was sold to Tilney. The case is not one of diversion of a mortgage from its purpose, but of a mortgage where all the considerations named have not been advanced.

The judgment should, therefore, be affirmed, with costs.

All concur.